United States District Court
Southern District of Texas
FILED

DEC 27 1999

MICHAEL N. MILBY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § Plaintiff, § § v. § § BERRY CONTRACTING, L.P. d/b/a § BAY, INC. § Defendant. § | Civil Action No. C-99-553 COMPLAINT JURY TRIAL DEMAND |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of gender, female, and to provide appropriate relief to Ilda Leal who was adversely affected by such practices. Ilda Leal was subjected to unlawful discrimination through pervasive sexual harassment by the the superintendent, the foreman and her immediate supervisor at Defendant Berry Contracting, L.P. d/b/a Bay, Inc.'s (hereinafter "Bay, Inc.") American Chrome job site.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Corpus Christi Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (hereinafter "the Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Berry Contracting, a limited partnership registered to do business in the State of Texas, has continuously been doing business in the State of Texas in the city of Corpus Christi, Texas as Bay, Inc., and has continuously had at least fifteen employees.

5. At all relevant times, the Defendant, Bay, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ilda Leal filed a charge with the Commission alleging violations of Title VII by Defendant, Bay, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least on or about August 1996, Defendant Bay, Inc. has engaged in unlawful employment practices at its facility located at 1414 Corn Products Road, Corpus Christi, Texas, and its American Chrome job site located in Corpus Christi, Texas, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a). The unlawful practices were to subject Ilda Leal to harassment based on her gender, female. Ilda Leal complains that she was harassed because of her gender, female, when Defendant Bay, Inc.'s superintendent, foreman and her immediate supervisor made unwelcome sexual advances and sexual comments toward her, as well as playing sexually-oriented

pranks on her.

8.  Defendant Bay, Inc. failed to take proper care to prevent such harassment by its supervisory personnel and failed to take prompt and remedial action to stop the unlawful sexual harassment by its managers after Ilda Leal complained to one or more supervisors. Defendant Bay, Inc. had either actual or constructive knowledge of the sexually harassing conduct by its superintendent, foreman and supervisor at the American Chrome job site, and took no action to prevent or remedy such behavior.

9.  The effect of the practices complained of in paragraphs seven and eight above has been to deprive Ilda Leal of equal employment opportunities and to otherwise adversely affect her status as an employee, because of her gender, female.

10. The unlawful employment practices complained of in paragraphs seven and eight were intentional.

11. The unlawful employment practices complained of in paragraphs seven and eight above were done with malice or reckless indifference to the federally protected rights of Ilda Leal.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant, Bay, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of gender, female;

B.  Order the Defendant, Bay, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

C. Order the Defendant, Bay, Inc. to make whole Ilda Leal by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Ilda Leal as a helper or similar position, or front pay in lieu thereof;

D. Order the Defendant, Bay, Inc. to make whole Ilda Leal by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs seven and eight above, including, but not limited to, medical expenses and job search expenses, in amounts to be determined at trial;

E. Order the Defendant, Bay, Inc. to make whole Ilda Leal by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs seven and eight above, including, but not limited to, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order the Defendant, Bay, Inc. to pay Ilda Leal punitive damages for its malicious and reckless conduct described in paragraphs seven and eight above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

4

Respectfully submitted,

C. GREGORY STEWART
General Counsel Designate

GWENDOLYN YOUNG REAMS
Associate General Counsel

*[signature: L Gutierrez for]*
ROBERT B. HARWIN
Regional Attorney
State Bar No. 076083
(District of Columbia)

*[signature]*
LINDA GUTIERREZ
Supervisory Trial Attorney
Texas State Bar No. 08642750
Southern District No. 14464

*[signature]*
R. CHRIS PITTARD
Attorney-In-Charge
Texas State Bar No. 00794465
Southern District No. 23449

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio District Office
5410 Fredericksburg Road
Suite 200
San Antonio, Texas 78229-3555
(210) 281-7636
(210) 281-7669 (Fax)

ATTORNEYS FOR PLAINTIFF